**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-4481

———————

UNITED STATES OF AMERICA

v.

STANFORD SMITH,

Appellant.

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 4-08-cr-00198-001)
District Judge:  Hon. James F. McClure

———————

Submitted under Third Circuit LAR 34.1(a)
on October 2, 2009

Before:  AMBRO, GARTH and ROTH, Circuit Judges

(filed: May 6, 2010 )

———————

O P I N I O N

———————

**ROTH,** Circuit Judge:

Stanford Smith appeals two issues arising from his sentencing in the Middle

District of Pennsylvania for illegally reentering the United States, in violation of 8 U.S.C.

§ 1326(a), 6 U.S.C. § 202(3) and (4), and 6 U.S.C. § 557. The first issue is whether the District Court failed to take into account all of the sentencing factors set forth in 18 U.S.C. § 3553(a). The second issue is whether the District Court violated Smith's Sixth Amendment rights by imposing an inappropriately high enhancement to the sentence recommended under the Sentencing Guidelines. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. For the reasons discussed below, we will affirm.

Because the facts are well known to the parties, we will discuss them only briefly. Stanford Smith pleaded guilty to a charge of illegally reentering the country. He had previously been removed for drug-related offenses. The District Court found the sentencing guideline range to be between 46 - 57 months, and it imposed a 57 month sentence.

We find that the District Court did not abuse its discretion when considering the relevant factors under 18 U.S.C. § 3553(a). *See United States v. King*, 454 F.3d 187, 194 (3d Cir. 2006) (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006) ("After *Booker*, this Court must evaluate the reasonableness of a sentence in light of the factors in 18 U.S.C. § 3553(a) . . . . 'To determine if the court acted reasonably in imposing the resulting sentence, we must first be satisfied the court exercised its discretion by considering the relevant factors.'") "While a sentencing court must consider all of the § 3553(a) factors, it does not have to discuss and make findings as to each factor so long as

2

the record otherwise makes clear that it took the factors into account." *United States v. Starnes*, 583 F.3d 196, 218 (3d Cir. 2009). The District Court considered Smith's family ties and the harsh consequences he would suffer as an illegal alien who would be deported upon completing his sentence, and it ultimately concluded that despite these factors, a longer sentence was justified.

Reviewing *de novo* the District Court's application of the Sentencing Guidelines, *see United States v. Diaz*, 592 F.3d 467, 470 (3d Cir. 2010), we find that the District Court properly took into consideration Smith's prior convictions when determining the appropriate sentence enhancement. The District Court enhanced Smith's base offense level by sixteen points due to his prior two convictions for drug trafficking and firearm possession. U.S.S.G. § 2L1.2(b)(1)(A). Smith alleges this was in error because the indictment only stated that he had been found guilty of aggravated assault, which carries an enhancement of eight points. U.S.S.G. § 2L1.2(b)(1)(C). Smith does not dispute that his prior convictions would justify the sixteen point increase; rather, his argument is that the government's decision to only include "aggravated felony" in the plea agreement precludes the District Court from applying anything but the aggravated felony enhancement. We disagree. District Courts may rely upon past convictions when making sentencing decisions, regardless of whether those convictions were in the indictment. *See United States v. Grier,* 475 F.3d 556, 562 (3d Cir. 2007) (*en banc*) ("Judicial factfinding in the course of selecting a sentence within the permissible range does not offend the

3

Fifth and Sixth Amendment rights to a jury trial and proof beyond a reasonable doubt.")

For the reasons set forth above, we will affirm the judgment of the District Court.